PER CURIAM.
Appellant initially filed a petition for writ of habeas corpus seeking belated appeal. This court granted the writ to the extent of allowing him to proceed as if on direct appeal from a denial of a motion under Rule 3.850, Florida Rules of Criminal Procedure.
Appellant was charged by information with battery on a law enforcement officer pursuant to Section 784.07(2)(b), Florida Statutes (1979). He subsequently entered a plea of guilty before Judge Carlisle, and was sentenced to five years imprisonment. Appellant, seeking to vacate his sentence, filed an initial motion for post-conviction relief on October 5, 1981. This motion, containing no allegations of fact, baldly asserted that the trial court had failed to adhere to a plea agreement entered into by appellant and the state which, appellant contended, guaranteed that appellant would receive a one-year sentence in exchange for his plea. In light of this alleged “rejection” of the plea agreement by the trial court, appellant contended, the court should have allowed appellant the opportunity to withdraw his plea. This motion for post-conviction relief was not ruled upon.
Two years later, appellant filed a second motion for post-conviction relief, alleging the same grounds as the original motion, while further contending that his counsel was ineffective. This motion, likewise suffering from a dearth of well-pled factual allegations, was denied summarily by Judge Green, who interpreted the allegations as asserting that appellant’s plea agreement called for a maximum sentence of one-year to run concurrent with a previous sentence appellant was then serving. Judge Green’s order, denying appellant relief, made reference to certain “plea documents” allegedly refuting appellant’s allegations. However, only a presentence investigation report was attached to the order. Accordingly, this court ordered the Clerk of Circuit Court of Union County to file the documents referred to by Judge Green’s order with this court so as to supplement the record on appeal. Florida Rules of Appellate Procedure 9.200(f)(2).
Upon examination of the aforementioned plea documents, we find that appellant has failed to carry his burden of creating a factual issue as to the details of his plea agreement. On the contrary, these documents, which were signed by appellant, clearly show that appellant was properly advised by counsel, that the state would only be “recommending” a one-year sentence, and that the trial court was not bound by this recommendation, but rather was free to sentence appellant for the statutory maximum of five years incarceration. Accordingly, the record supports the trial court’s finding that appellant’s plea bargain was honored, and that appellant’s allegations to the contrary are conclusively refuted by the record.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.
ERVIN, C.J., specially concurs.